1  Michele R. Stafford, Esq. (SBN 172509)
   Allan D. Shuldiner, Esq. (SBN 252259)
2  SALTZMAN & JOHNSON LAW CORPORATION
   1141 Harbor Bay Parkway, Suite 100
3  Alameda, California 94502
   Telephone: (510) 906-4710
4  Email: mstafford@sjlawcorp.com
   Email: ashuldiner@sjlawcorp.com
5
   Attorneys for Plaintiffs, Operating Engineers'
6  Health And Welfare Trust Fund for Northern California, et al.

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  OPERATING ENGINEERS' HEALTH AND          Case No.
    WELFARE TRUST FUND FOR NORTHERN
12  CALIFORNIA; DAN REDING AND JAMES E.       **COMPLAINT**
    MURRAY, TRUSTEES;
13
    PENSION TRUST FUND FOR OPERATING
14  ENGINEERS; DAN REDING AND JAMES E.
    MURRAY, TRUSTEES;
15
    PENSIONED OPERATING ENGINEERS' HEALTH
16  AND WELFARE TRUST FUND; DAN REDING
    AND JAMES E. MURRAY, TRUSTEES;
17
    OPERATING ENGINEERS AND PARTICIPATING
18  EMPLOYERS PREAPPRENTICE, APPRENTICE
    AND JOURNEYMEN AFFIRMATIVE ACTION
19  TRAINING FUND; DAN REDING AND JAMES E.
    MURRAY, TRUSTEES; AND
20
    OPERATING ENGINEERS LOCAL UNION NO. 3
21  VACATION, HOLIDAY AND SICK PAY TRUST
    FUND; DAN REDING AND JAMES E. MURRAY,
22  TRUSTEES,
23
              Plaintiffs,
24
          v.
25
    BROTHERTON CORPORATION, a California
26  Corporation,
27            Defendant.
28

                              1

**COMPLAINT**
**Case No.**

Parties

1.      The Operating Engineers' Health and Welfare Trust Fund for Northern California (which includes the Addiction Recovery Program, Inc.); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan); Pensioned Operating Engineers' Health and Welfare Trust Fund ("Pensioned Health Fund"); Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund ("Affirmative Action Training Fund"); and the Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund (which includes the Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Administrative Fund) ("Vacation Fund") (collectively referred to hereinafter as the "Trust Funds"), are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Trust Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs." Dan Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of ERISA Plaintiffs with authority to act on behalf of all Trustees.

3.      Brotherton Corporation, a California corporation, ("Defendant") is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

Jurisdiction

4.      Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

5.      Jurisdiction exists in this Court over all the claims by virtue of LMRA § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

6.      To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

COMPLAINT
Case No.

7.       Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

8.       Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

9.       The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Plans are administered, and where Defendant therefore failed to fulfill their statutory and contractual obligations to Plaintiffs.

Bargaining Agreements

10.       Defendant entered into the National Pipeline Agreement ("Bargaining Agreement") between the International Union of Operating Engineers ("International Union") and the Pipe Line Contractors Association. The Bargaining Agreement requires Defendant to provide employer contributions to Plaintiffs' Trust Funds, to the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") for union dues, and to the other plans more fully described in the Bargaining Agreement. ERISA Plaintiffs are third-party beneficiaries of the National Agreement.

11.       Under the terms of the Bargaining Agreement, and Trust Agreements incorporated therein, Defendant is required to pay certain contributions to the Operating Engineers' Vacation and Holiday Pay Plan (referred to herein as the "Bargained Plan"). Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Plan under the Bargaining Agreements

3

**COMPLAINT**
**Case No.**

and Trust Agreements.

12.     Under the Bargaining Agreement and Trust Agreements, which are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to regularly pay to ERISA Plaintiffs, the Bargained Plan, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees.  Contributions are due on the fifteenth (15th) day of the month following the month in which hours were worked, and are considered delinquent if not received by the twenty-fifth (25th) day of that month. Defendant is also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in which payment was due, until paid in full.

13.     The Bargaining and Trust Agreements further require Defendant to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendant as is necessary to determine whether Defendant has made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendants' records reveal Defendant has failed to provide full and prompt payment of all sums due to Plaintiffs, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Factual Allegations

14.     Defendant has failed and refused to pay amounts due to Plaintiffs as a result of an audit of Defendant's payroll records for the period of January 1, 2013 through December 31, 2017. Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid contributions for this period.

15.     Defendant has failed to submit contribution reports and payments (if applicable) for hours worked by their employees during the period from January 2019 through May 2019.  Defendant has also failed to timely pay all contributions reported as due for work performed by their employees during the

**COMPLAINT**
**Case No.**

period from October 2015, February 2016, July 2016, September 2016 through November 2016, July through October 2017, May 2018 through November 2018 and during the month of June 2019, incurring liquidated damages and interest that are owed to Plaintiffs for the late-paid contributions for this period.

16.     Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, audit, or otherwise, including estimated contributions for any months Defendant failed to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct an audit to determine whether there are any additional amounts due from Defendant.

**FIRST CAUSE OF ACTION**
**For Payment of Delinquent Contributions, Interest, Liquidated Damages,**
**Attorneys' Fees and Costs Against Defendant**

17.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15, above.

18.     Defendant has a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Plan, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreements and Trust Agreements to permit an audit of their records to determine whether they are making full and prompt payment of all sums required to be paid by them to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

19.     In addition, Defendant has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

20.     By failing to make the required payments to Plaintiffs, Defendant breached the Bargaining and Trust Agreements and are in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

21.     Defendants' failure and refusal to pay the required contributions was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreements, and incorporated Trust Agreements, by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

22.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations

5

1  required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29

2  U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained from continuing to

3  refuse to perform as required thereunder.

4       23.    This Court is authorized to issue injunctive relief based on the traditional standard. As set

5  forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility

6  that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of

7  hardships and advancement of public interest favor ERISA Plaintiffs.

8       24.    This Complaint does not in any manner relate to statutory withdrawal liability that may or

9  may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such

10  withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust

11  Agreements, and the law.

12  Prayer

13      WHEREFORE, Plaintiffs pray as follows:

14      1.    For a judgment against Defendant as follows:

15         (a)    Any unpaid contributions, due at time of Judgment, including those specified

16  above as well as any other contributions determined as due by audit, timecards, or otherwise, including

17  estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA §

18  502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

19            i.    To ERISA Plaintiffs and the Bargained Plan, in accordance with ERISA §

20  502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

21            ii.    To the Union in accordance with the Bargaining Agreements.

22         (b)    Liquidated damages on all late-paid and unpaid contributions in an amount

23  provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA

24  § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

25         (c)    Interest on all late-paid and unpaid contributions at the rates set in accordance

26  with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. §

27  1132(g)(2)(B).

28      2.    Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in

6

accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for each Bargained Plan; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3.    For an order,

(a)    requiring that Defendant comply with their obligations to Plaintiffs under the terms of the Bargaining Agreements and the Trust Agreements;

(b)    enjoining Defendant from violating the terms of those documents and of ERISA; and

(c)    enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendants' business until said terms have been complied with.

4.    That the Court retain jurisdiction of this case pending compliance with its orders.

5.    For such other and further relief as the Court may deem just and proper.

DATED: October 24, 2019                    SALTZMAN & JOHNSON LAW CORPORATION

By:    /S/Allan D. Shuldiner
       Allan D. Shuldiner
       Attorneys for Operating Engineers' Health And
       Welfare Trust Fund, et al.

**COMPLAINT**
**Case No.**